# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE A. GEIVETT,<br><br>               Petitioner,<br><br>        v.<br><br>UNKNOWN,<br><br>               Respondent. | Case No. CV 19-5131-DDP (SP)<br><br>**ORDER SUMMARILY DISMISSING ACTION** |

On June 12, 2019, "petitioner" Charlotte Geivett – who has not actually filed a petition in this Court – submitted a letter to this Court, which was filed and docketed as if it were a petition for writ of habeas corpus. Petitioner is an inmate at the West Valley Detention Center who seeks relief from her current incarceration. Petitioner claims her attorney would not let her take a plea deal, pled not guilty for her without her permission, and would not call her witnesses or cross examine the prosecution's witnesses. Petitioner states she has been in custody for 31 days and still has 42 days to go. The relief petitioner indicates she requests cannot be granted.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. *See*

1

*Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968). Because petitioner has not actually filed a federal habeas petition challenging her conviction or sentence, there is no case or controversy properly before this Court. This Court therefore lacks jurisdiction to grant any relief to petitioner. *See Rivera v. Freeman*, 469 F.2d 1159, 1163 (9th Cir. 1972) (absence of case or controversy "denies a federal court the power to hear a matter otherwise before it").

If the Court were to try to construe the letter submitted by petitioner as a petition, it would not meet the requirements for a federal habeas petition. For starters, it names no respondent. A habeas petition filed pursuant to 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996).

Further, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts affirmatively requires a prisoner to file a petition that "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." *See also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citation omitted). Petitioner here does not specify the ground or grounds for relief. Relatedly, under 28 U.S.C. § 2254(a), petitioner may seek habeas relief only if she is contending she is in custody in violation of the Constitution or laws or treaties of the United States. *See Estelle v.*

*McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Here, petitioner does not identify any federal constitutional claim she might desire to pursue.

Even if petitioner were to file a proper petition asserting a federal constitutional claim such as ineffective assistance of counsel, this Court still could not grant relief at this time. It is not clear from the letter whether petitioner's case is even concluded in the state courts. If it is still pending, this Court would be prohibited from interfering under the *Younger* abstention doctrine, which prohibits federal courts from staying or enjoining pending state criminal court proceedings. *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger* abstention principles apply to federal habeas proceedings. *See Brown v. Ahern*, 676 F.3d 899, 900-03 (9th Cir. 2012) (upholding dismissal of habeas petition seeking to raise speedy trial claim pretrial). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Moreover, even if the state court proceedings are concluded, given the time frame petitioner references (*i.e.*, 31 days spent in custody), petitioner apparently asks this federal Court to intervene in a state matter without petitioner having first sought relief in the California state courts. A state prisoner must exhaust his or

her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). Thus, if petitioner were to file an actual federal habeas petition without first exhausting her state court remedies, that federal petition would be likewise subject to dismissal.

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing this action without prejudice.

DATED: August 28, 2019

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

4